## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **ASHLEY BRIAN HANCOCK, Individually and ASHLEY BRIAN HANCOCK, as Executor of the Estate of Karen Thomas Hancock,** | ) ) ) ) ) | |
| **Plaintiff,** | ) ) | **No.** |
| **v.** | ) ) | |
| **LABORATORY CORPORATION OF AMERICA,** | ) ) ) | |
| **Defendant.** | / | |

## NOTICE OF REMOVAL

Without waiving any available defenses, Defendant Laboratory Corporation of America ("LabCorp") submits this Notice of Removal of *Ashley Brian Hancock v. Laboratory Corporation of America,* filed in the State Court of Gwinnett County, Georgia, Case No. Case No. 16C07055-4, on the ground that this court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441, *et seq.* Diversity of citizenship exists between the parties, and it is facially evident from the Complaint that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. As grounds for removal, LabCorp states as follows:

## INTRODUCTION

1.      Plaintiffs Ashley Brian Hancock, Individually, and Ashley Brian Hancock as Executor of the Estate of Karen Thomas Hancock (collectively, "Plaintiffs") commenced this action on or about December 1, 2016, by filing their Complaint in the State Court of Gwinnett County, Georgia (the "State Court Action"), against LabCorp, the sole named defendant in the State Court Action.

2.      In their Complaint, Plaintiffs assert that in May 2014, Karen Thomas Hancock underwent a medical test, commonly known as a pap smear, whereby her physician obtained Hancock's cell samples to test for cervical cytology and human papilloma virus (HPV).  Comp. ¶ 13.  Hancock's cell samples were submitted by her physician to LabCorp's Birmingham, Alabama laboratory. *Id.* ¶ 15.  Plaintiffs allege LabCorp inaccurately and negligently analyzed the cell sample. *Id.* ¶ 19. Plaintiffs further allege that Hancock's cells were highly suspicious for malignancy. *Id.* ¶ 20.  Plaintiffs seek damages for the life of Karen Thomas Hancock, for pain and suffering prior to her death, for medical expenses, and for loss of consortium on the part of the individual Plaintiff.

## GROUNDS FOR REMOVAL

3.      This action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over the action under 28 U.S.C. § 1332(a)(1).  There

is complete diversity of citizenship between Plaintiffs and LabCorp, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

## I.      LabCorp Has Met the Procedural Requirements for Removal.

4.      The State Court of Gwinnett County is located within Gwinnett County, Georgia, which is one of several counties found within the Atlanta Division of the Northern District of Georgia.  Therefore, venue is proper in this Court because it has original jurisdiction over the action and it is the Court for the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5.      As required by 28 U.S.C. § 1446(a), attached as **Exhibit A** are copies of all process, pleadings, and orders served upon LabCorp in the removed case. A copy of the Notice of Filing of Notice of Removal which will be filed in the State Court of Gwinnett County, Georgia is attached hereto as **Exhibit B**.

6.      LabCorp received a summons and Complaint on December 2, 2016.

7.      This Notice of Removal is filed within thirty (30) days after LabCorp was served with summons and Complaint and is, therefore, timely under 28 U.S.C. § 1446(b)(2)(B).

8.      In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs, and a Notice of Filing of this Notice of Removal is being filed by LabCorp in the state court action with the

State Court of Gwinnett County, Georgia. A copy of the Notice of Filing of this Notice of Removal is attached hereto as **Exhibit B**.

## II.     This Court Has Original Diversity Jurisdiction Over the Action.

9.     This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332 because, as seen from the face of the Complaint, this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### A. Complete Diversity of Citizenship Exists

10.    Complete diversity of citizenship exists as between the Plaintiffs and LabCorp.

11.    Plaintiffs are citizens of the State of Georgia. (Compl. ¶ 1.)

12.    LabCorp is a Delaware corporation, with its principal place of business in North Carolina. (Buhay Aff. ¶ 2, attached as **Exhibit C**.)

### B.     The Amount-in-Controversy Requirement is Satisfied.

13.    Based on the factual allegations of the Complaint, which are construed as true for purposes of assessing removal jurisdiction, the amount in controversy in this case exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332.

14.     Where, as here, the Complaint does not seek a specific sum as damages, the jurisdictional amount will nonetheless be satisfied if it is "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum.  Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (citations omitted).

15.     In determining whether it is facially apparent that the amount in controversy exceeds the jurisdictional minimum, the Court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings" and "need not suspend reality or shelve common sense."  Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061–62 (11th Cir. 2010) (citations and internal quotations omitted).

16.     Here, Plaintiffs allege that LabCorp is vicariously liable for negligently interpreting a Pap smear test on May 7, 2014 and finding that the cells were negative for intraepithelial lesion and malignancy (Compl. ¶¶ 16,17.) According to the allegations in the Complaint, the alleged negligence led to an unreasonable delay in the diagnosis of cervical cancer. (Compl. ¶ 26.)

17.     Plaintiff Ashley Brian Hancock seeks compensation for wrongful death and loss of consortium on his own behalf, and to recover damages for pain and suffering and medical expenses of behalf of his decedent's estate (Id. ¶ 27-29.)

18.     On their face, these allegations establish that the amount in controversy in this case exceeds the jurisdictional minimum.  *See, e.g., Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000) (amount in controversy exceeding $75,000 jurisdictional minimum was "facially apparent" based on "alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement"); *Butzberger v. Novartis Pharm. Corp.,* Case No. 06-80700-CIV-Ryskamp/Vitunac, 2006 U.S. Dist. LEXIS 85576, *12-*14 (S.D. Fla. Nov. 27, 2006) (denying motion to remand cast to state court where the plaintiff suffered from liver cancer allegedly caused by use of medication).

### III.     Conclusion

19.     Pursuant to 28 U.S.C. § 1441(a), Defendant is removing this action to the Atlanta Division of the Northern District of Georgia because the State Court of Gwinnett County, Georgia is located in this federal judicial district and division.

20.     As required by 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant shall provide notice of the removal to Plaintiffs through their attorneys of record in the State Court Action and to the Clerk of the Court in the State Court Action.

Dated:  December 27, 2016                Respectfully submitted,

                                         WEINBERG, WHEELER,
                                         HUDGINS, GUNN & DIAL, LLC


                                         */s/ Scott P. Kerew*
                                         William C. Buhay
                                         Georgia Bar No. 093940
                                         wbuhay@wwhgd.com
                                         Scott P. Kerew
                                         Georgia Bar No. 416629
                                         skerew@wwhgd.com
                                         3344 Peachtree Road, NE
                                         Suite 2400
                                         Atlanta, Georgia 30326
                                         404-876-2700
                                         404-875-9433 facsimile

                                         *Attorney for Defendant*
                                         *Laboratory Corporation of America*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a true and correct copy of the foregoing NOTICE OF REMOVAL on counsel for Plaintiffs by causing a copy of same to be delivered via U.S. Mail, first-class postage prepaid and addressed as follows:

> Joseph W. Watkins, Esq.
> Watkins, Lourie, Roll & Chance, PC
> Tower Place 200, Suite 1050
> 3348 Peachtree Road, NE
> Atlanta, Georgia 30326

This 27th day of December, 2016.

> /s/ Scott P. Kerew
> William C. Buhay
> Georgia Bar No. 093940
> wbuhay@wwhgd.com
> Scott P. Kerew
> Georgia Bar No. 416629
> skerew@wwhgd.com
> **Attorneys for Defendant**
> **Laboratory Corporation of America**

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
3344 Peachtree Road
Suite 2400
Atlanta, Georgia 30326
Telephone: (404) 876-2700
Facsimile: (404) 875-9433