# EXHIBIT A

ik 213

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

ASHLEY BRIAN HANCOCK, Individually, and

ASHLEY BRIAN HANCOCK, as Executor of the

Estate of Karen Thoms Hancock

CIVIL ACTION NUMBER: 16C 07055-4

PLAINTIFF

VS.

Laboratory Corporation of America
c/o Corporation Service Company, Registered Agent
40 Technology Parkway, South, Suite 300
Norcross, GA 30092

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Joseph W. Watkins, Esq.
Lance D. Lourie, Esq.
WATKINS, LOURIE, ROLL & CHANCE, PC
3348 Peachtree Road, NE
Tower Place 200, Suite 1050
Atlanta, GA 30326

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ____1____ day of __December__, 20_16_.

Richard T. Alexander, Jr.,
Clerk of State Court

By _Kelsea Martin_
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2016 DEC -1 PM 4:45

RICHARD ALEXANDER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| ASHLEY BRIAN HANCOCK, Individually, and ASHLEY BRIAN HANCOCK, as Executor of the Estate of Karen Thoms Hancock, <br><br>Plaintiffs, <br><br>vs. <br><br>LABORATORY CORPORATION OF AMERICA, <br><br>Defendant. | CIVIL ACTION <br><br>FILE NO. 16C 07055-4 |

## COMPLAINT

COME NOW, Ashley Brian Hancock, Individually, and Ashley Brian Hancock, as Executor of the Estate of Karen Thomas Hancock, Plaintiffs, and hereby file this Complaint, showing the Court and Jury the following:

1.

Ashley Brian Hancock is the surviving husband and the duly appointed Executor of the Estate of his late wife, Karen Thoms Hancock.

2.

Karen Thoms Hancock died on April 24, 2015, at the age of 44, as a result of the negligence of the Defendant.

3.

Ashley Brian Hancock, Individually, is the proper party to bring this action for the wrongful death of his late wife, Karen Thoms Hancock.

4.

As the Executor of the Estate of Karen Thoms Hancock, Ashley Brian Hancock is the proper party to bring this action for the pain and suffering Karen Thoms Hancock incurred prior to her death, as well as for medical expenses.

5.

Defendant Laboratory Corporation of America a/k/a LabCorp (hereinafter "LabCorp") is Delaware corporation, which is authorized to transact business and is transacting business in the State of Georgia.

6.

Defendant LabCorp may be served by serving its registered agent, Corporation Service Company, 40 Technology Parkway, South Suite 300, Ben Hill, Norcross, Gwinnett County, Georgia 30092.

7.

Defendant LabCorp is subject to the jurisdiction of this Court.

8.

Venue is proper as to Defendant LabCorp.

9.

In the months and years prior to her death, Karen Thoms Hancock was the patient of Kevin Windom, M.D., a medical specialist in obstetrics and gynecology.

10.

In the months and years prior to her death, Karen Thomas Hancock underwent medical testing, known as pap smears, whereby her physician, Kevin Windom, M.D. obtained cell samples for cervical cytology and human papilloma virus (HPV) from the body of his patient, Karen Thoms

Hancock. Dr. Windom obtained cells from the body of Karen Thoms Hancock as a part of his screening examination to determine if Karen Thoms Hancock had cervical cancer and/or HPV.

11.

On May 5, 2014, Karen Thoms Hancock was seen and examined by Dr. Windom. This office visit and examination was done as a follow-up for evaluation of Karen's previous pap smear, which revealed HPV changes.

12.

As part of Karen's office visit with Dr. Windom on May 5, 2014, Dr. Windom performed a physical examination, which included examinations of Karen's vagina, bladder, urethra, cervix, and uterus. Karen's physical examination, as reported by Dr. Windom, was entirely normal.

13.

As an additional part of his examination on May 5, 2014, Dr. Windom obtained cell samples for cervical cytology and human papilloma virus (HPV) for pap smear testing for cervical cancer and HPV in the body of his patient, Karen Thoms Hancock.

14.

On May 5, 2014, Dr. Windom submitted the aforesaid specimen of cell samples for cervical cytology and HPV testing to Defendant LabCorp.

15.

According to records of the Defendant, the specimen of Karen's cells submitted by Dr. Windom for pap smear testing was received in Defendant's Birmingham, Alabama, laboratory on the night of May 5, 2014.

16.

According to records of the Defendant, the aforesaid specimen of Karen's cells was evaluated and reported upon by Samantha Cox, Cytotechnologist, on May 7, 2014.

17.

According to the Defendant's report, reflecting the analysis of Defendant's cytotechnologist, Samantha Cox, the specimen of Karen's cells was negative for intraepithelial lesion and malignancy.

18.

Dr. Windom, in caring for his patient, Karen Thoms Hancock, relied upon LabCorp to properly and accurately analyze the specimen of cells of Karen Thoms Hancock and to accurately report LabCorp's finding and test results to Dr. Windom.

19.

The specimen of Karen's cells submitted by Dr. Windom to LabCorp for pap smear testing was inaccurately and negligently analyzed and reported upon by LabCorp to Dr. Windom.

20.

Accurate, careful, and nonnegligent analysis and report to Dr. Windom would have revealed that the specimen of Karen's cells submitted for pap smear on May 5, 2014, was highly suspicious for malignancy.

21.

In analyzing and reporting upon the specimen of Karen's cells submitted to LabCorp by Dr. Windom on May 5, 2014, Samantha Cox, Cytologist, was negligent and failed to comply with the standard of care exercised by cytologists, generally, under the same and similar circumstances,

by failing to recognize and report that the specimen of Karen's cells was highly suspicious for malignancy.

22.

At all times material herein, Samantha Cox, Cytologist, was acting in the course and scope of her employment with LabCorp. Accordingly, LabCorp is liable for the acts and omissions of Samantha Cox, Cytologist, under the doctrine of *respondeat superior*.

23.

The negligent and failure of Samantha Cox, Cytologist, acting in the course and scope of her employment with LabCorp resulted in a substantial and unreasonable delay in the diagnosis of cervical cancer for Karen Thoms Hancock.

24.

LabCorp owed a duty to Karen Thoms Hancock to maintain proper quality assurance and to exercise reasonable care and diligence to ensure that pap smear testing and reporting of pap smear test results are performed and reported upon accurately and nonnegligently.

25.

LabCorp negligently failed to provide appropriate and accurate measures to ensure that Karen's pap smear testing was analyzed and reported upon in a careful and nonnegligent manner by Samantha Cox, Cytologist, acting in the course and scope of her employment with LabCorp.

26.

LabCorp's failure to provide appropriate and accurate measures to ensure that Karen's pap smear testing was analyzed and reported upon in a careful and nonnegligent manner resulted in a substantial and unreasonable delay in the diagnosis of cervical cancer for Karen Thoms Hancock.

27.

As a direct and proximate cause of the negligence of LabCorp and of Samantha Cox, Cytologist, acting in the course and scope of her employment with LabCorp, Karen Thoms Hancock died of cervical cancer. Accordingly, Plaintiff Ashley Brian Hancock, Individually, is entitled to recover damages, against Defendant LabCorp, for the wrongful death of Karen Thoms Hancock.

28.

As a direct and proximate result of the negligence of LabCorp and of Samantha Cox, Cytologist, acting in the course and scope of her employment with Defendant LabCorp, Karen Thoms Hancock sustained increased and significant pain and suffering and incurred increased and additional medical expenses. Ashley Brian Hancock, as Executor of the Estate of Karen Thoms Hancock, is entitled to recover damages for Defendant LabCorp for the pain and suffering of Karen Thoms Hancock and for her medical expenses.

29.

As a direct and proximate cause of the negligence of Defendant LabCorp and Samantha Cox, Cytologist, acting in the course and scope of her employment with Defendant LabCorp, Ashley Brian Hancock sustained a loss of consortium, for which he is entitled to recover damages.

WHEREFORE, Plaintiffs pray for the following relief:

(a)  That process be issued as to the Defendant;

(b)  That Plaintiff Ashley Brian Hancock, individually, recover a judgment against the Defendant in an amount in excess of Ten Thousand and no/100 Dollars ($10,000.00) for the full value of the life of Karen Thoms Hancock;

(c) That Plaintiff Ashley Brian Hancock, as Executor of the Estate of Karen Thoms Hancock, recover a judgment against the Defendant in an amount in excess of Ten Thousand and no/100 Dollars ($10,000.00) for the pain and suffering of Karen Thomas Hancock prior to her death, as well as for medical expenses;

(d) That Plaintiff Ashley Brian Hancock, individually, recover a judgment against the Defendant in an amount in excess of Ten Thousand and no/100 Dollars ($10,000.00) for loss of consortium;

(e) That the Court and Jury grant such other and further relief as they may deem just and proper; and

(f) That Plaintiffs be granted a trial by Jury.

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.**

This 1st day of December, 2016.

WATKINS, LOURIE, ROLL & CHANCE, PC

BY: _____
JOSEPH W. WATKINS
Georgia Bar No. 740525
LANCE D. LOURIE
Georgia Bar No. 458520

Tower Place 200, Suite 1050
3348 Peachtree Road, NE
Atlanta, GA 30326
P: (404) 760-7400
F: (404) 760-7409
jww@wlr.net
ldl@wlr.net
sf@wlr.net

ATTORNEYS FOR PLAINTIFFS

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA
DIVISION 4

STANDING ORDER IN ALL CIVIL CASES
INSTRUCTIONS TO PARTIES AND COUNSEL

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2016 DEC -1  PM 4: 45

RICHARD ALEXANDER, CLERK

**16C 07055-4**

This order shall apply to all civil cases assigned to Judge Joseph C. Iannazzone. The purpose of this Order is to inform the parties and their counsel of the Court's policies, practice and procedure. It is issued to promote the just and efficient determination of the case. This Order, in combination with this Court's Local Rules and the Georgia Civil Practice Act shall govern this case.

CASE ADMINISTRATION

1. Contacting Chambers

Tammy Banks, our Civil Case Manager, is your principal point of contact on matters relating to this case. Where possible, communication with Ms. Banks should be by telephone (770-822-8547) or by e-mail (tammy.banks@gwinnettcounty.com). Documents sent by mail, courier, and hand delivery should be addressed as follows:

> Ms. Tammy Banks
> Civil Case Manager – Division 4
> State Court of Gwinnett County
> 75 Langley Drive
> Lawrenceville, GA 30046

Any documents required to be filed in this case should be addressed and delivered to the Clerk of State Court rather than Ms. Banks.

The Court's staff attorney is Debra Siegel. She can be reached by telephone (770-822-8549) or e-mail (debra.siegel@gwinnettcounty.com). Neither the parties nor their counsel should discuss the merits of the case with Ms. Banks or Ms. Siegel.

## 2. Courtesy Copies

Parties are not required to forward courtesy copies of motions and other filings directly to chambers. However, in large cases, electronically transmitted courtesy copies of substantive motions are appreciated.

## CASE MANAGEMENT

### 1. Extension of Time

The Court, along with counsel for the parties, is responsible for processing cases toward prompt and just resolution. The Court seeks to set reasonable but firm deadlines. Motions for extensions, whether opposed, unopposed or by consent, will be granted only upon a showing of good cause.

### 2. Conferences

Scheduling, discovery, pre-trial and settlement conferences promote the speedy, just and efficient resolution of cases. Therefore, the Court encourages the parties to request a conference when counsel believes that a conference will be helpful and counsel has specific goals and an agenda for the conference.

### 3. Candor in Responsive Pleadings

In accordance with O.C.G.A. § 9-11-8 (b), a party's responsive pleading must admit or deny the averments of the adverse party's pleading. A party may not deny, in his or her responsive pleading, an averment in his or her opponent's pleading on the grounds that the averment raises a matter of law rather than fact.

### 4. Discovery Responses - Boilerplate and General Objections

Boilerplate objections in response to discovery requests are strongly discouraged. Parties should not carelessly invoke rote objections, i.e., attorney-client privilege, work product immunity from discovery, overly broad/unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, unless the responding party has a valid basis for these

objections. Moreover, general objections are disfavored, i.e., a party should avoid including in his or her response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to the discovery request "to the extent that" it violates some rule pertaining to discovery, e.g., the attorney-client privilege, the work product immunity from discovery, the requirement that discovery requests be reasonably calculated to lead to the discovery of admissible evidence, and the prohibition against discovery requests that are vague, ambiguous, overly broad, or unduly burdensome. Instead, each individual discovery request should be met with every specific objection thereto - but only those objections that actually apply to that particular request. Otherwise, it is impossible for the Court or the party upon whom the discovery response is served to know exactly what objections have been asserted to each individual request. All such general objections may be disregarded by the Court. Finally, a party who objects to a discovery request but then responds to the request must indicate whether the response is complete. For example, in response to an interrogatory, a party is not permitted to raise objections and then state, "Subject to these objections and without waiving them, the response is as follows" unless the party expressly indicates whether additional information would have been included in the response but for the objections. Evidence introduced at trial which was requested but not disclosed during the discovery period will not be admitted.

5. Conduct During Depositions

(a) At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions or explanations of any words, questions or documents presented during the course of the deposition. The witness shall abide by these instructions.

(b) All objections, except those that would be waived if not made at the deposition under O.C.G.A. § 9-11-32 (d) (3) (8) and those necessary to assert a privilege or to present a motion pursuant to O.C.G.A. § 9-11-30 (d), shall be preserved. Therefore, those objections need not be

3

made during the course of depositions. If counsel defending a deposition feels compelled to make objections during depositions, he or she should limit the objections to only "objection to form." Defending counsel should only elaborate on his or her objection upon the request of deposing counsel. Defending counsel should avoid speaking objections except in extraordinary circumstances.

(c) Counsel shall not instruct a witness not to answer a question unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the Court.

(d) Counsel shall not make objections or statements that might suggest an answer to a witness. Counsel's statements when making objections should be succinct, stating the basis of the objection and nothing more.

(e) Counsel and their witness-clients shall not engage in private off-the-record conferences during depositions or during breaks regarding any of counsel's questions or the witness's answers, except for the purpose of deciding whether to assert a privilege. Any conferences that occur pursuant to, or in violation of, this rule are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, what. Any conferences that occur pursuant to, or in violation of, this rule shall be noted on the record by the counsel who participated in the conference. The purpose and outcome of the conference shall also be noted on the record.

(f) Deposing counsel shall provide to the witness's counsel a copy of all documents shown to the witness during the deposition. The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness. The witness and the witness's counsel do not have the right to discuss documents privately before the witness answers questions about them.

(g) Depositions are limited to no more than seven hours of time on the record, exclusive of breaks.

## 6. Serving Discovery Prior to Expiration of the Discovery Period

All discovery requests must be served early enough so that the responses are due on or before the last day of the discovery period.

## 7. Extensions of the Discovery Period

Motions requesting an extension of the discovery period must be made prior to the expiration of the existing discovery period, and such motions ordinarily will be granted only in cases where good cause is shown.

## 8. Motions to Compel Discovery and Objections to Discovery

Prior to filing a motion to compel discovery, the movant, after conferring with the respondent in a good faith effort to resolve the dispute by agreement, should contact the Court's staff attorney and notify her that the movant seeks relief with respect to a discovery matter. Ordinarily, the Court's staff attorney will then schedule a conference call or meeting in which the Court will attempt to resolve the matter without the necessity of a formal motion. This process shall not apply to post-judgment discovery.

## 9. Motions for Summary Judgment

All Motions for Summary Judgment should be filed within 30 days of the close of discovery.

## 10. Pretrial Orders

The statement of contentions in the Pretrial Order governs the issues to be tried. The plaintiff should make certain that all theories of liability are explicitly stated, together with the type and amount of each type of damage sought. The specific actionable conduct should be set out, and, in a multi-defendant case, the actionable conduct of each defendant should be identified.

The defendant should explicitly set out any affirmative defenses upon which it intends to rely at trial, as well as satisfy the above requirements with respect to any counterclaims.

The exhibits intended to be introduced at trial shall be specifically identified. In listing witnesses or exhibits, a party may not reserve the right to supplement his list, nor should a party adopt another party's list by reference.

Witnesses and exhibits not identified in the Pretrial Order may not be used during trial, except to prevent a manifest injustice.

In preparing the Pretrial Order, each party shall identify to opposing counsel each deposition, interrogatory or request to admit response, or portion thereof, which the party expects to or may introduce at trial, except for impeachment. All such identified exhibits, depositions, and interrogatory and request to admit responses shall be admitted at trial when offered unless the opposing party indicates an objection to it in the Pretrial Order.

## 11. Pretrial Conference and Motions in Limine

Normally, the Court will conduct a pretrial conference. The purpose of the conference is to simplify the issues to be tried and to assist in settlement negotiations where appropriate. The parties will be required at the pretrial conference to identify the specific witnesses they will call in their case in chief at trial. Motions in Limine shall be filed before or at the pretrial conference. They will be argued and ruled upon no later than the first day of trial. Motions in Limine filed the day of trial will be reserved.

## 12. Trial

Requests to charge and proposed verdict forms are required to be submitted to the Court, via email to Ms. Siegel, in Word or WordPerfect format, one (1) business day before the first day of trial. The original request to charge shall be filed with the Clerk of Court. The Court has a standard charge in civil cases covering subjects such as the standard of proof, experts and witness credibility. The Court encourages the parties to refer to the Suggested Pattern Jury

Instructions by the Council of Superior Court Judges of Georgia. Charges for which there is not a pattern charge must contain citations to the legal authorities supporting the charge requested.

13. Technology

Most of our courtrooms are equipped with electronic equipment for use by counsel at trial. For more information about the equipment, please contact the Court's Civil Case Manager. It is the parties' responsibility to make sure they know how to use the equipment available, to have the cords necessary to hook up to the equipment and for insuring that the parties' equipment interfaces with the Court's technology.

SO ORDERED, this 29th day of September, 2016.

_____
Joseph C. Iannazzone, Judge
State Court of Gwinnett County

# General Civil Case Filing Information Form (Non-Domestic)

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA
2016 DEC -1 PM 4:45
RICHARD ALEXANDER, CLERK

**Court**  County: Gwinnett  Date Filed: MM-DD-YYYY
☐ Superior
☒ State  Docket #: 16C 07055-4

**Plaintiff(s)**
ASHLEY BRIAN HANCOCK, Individually, and
_Last    First    Middle I. Suffix Prefix    Maiden_

ASHLEY BRIAN HANCOCK, as Executor of the
_Last    First    Middle I. Suffix Prefix    Maiden_

Estate of Karen Thoms Hancock
_Last    First    Middle I. Suffix Prefix    Maiden_

_Last    First    Middle I. Suffix Prefix    Maiden_

No. of Plaintiffs: 2

**Defendant(s)**
LABORATORY CORPORATION OF AMERICA
_Last    First    Middle I. Suffix Prefix    Maiden_

_Last    First    Middle I. Suffix Prefix    Maiden_

_Last    First    Middle I. Suffix Prefix    Maiden_

_Last    First    Middle I. Suffix Prefix    Maiden_

No. of Defendants: 1

**Plaintiff/Petitioner's Attorney**  ☐ Pro Se

Watkins, Joseph W.
_Last    First    Middle I.    Suffix_

Bar #: 740525

**Check Primary Type (Check only ONE)**
☐ Contract/Account
☐ Wills/Estate
☐ Real Property
☐ Dispossessory/Distress
☐ Personal Property
☐ Equity
☐ Habeas Corpus
☐ Appeals, Reviews
☐ Post Judgment Garnishment, Attachment, or Other Relief
☐ Non-Domestic Contempt
☒ Tort (If tort, fill in right column)
☐ Other General Civil Specify _____

**If Tort is Case Type:**
(Check no more than TWO)
☐ Auto Accident
☐ Premises Liability
☐ Medical Malpractice
☒ Other Professional Negligence
☐ Product Liability
☐ Other Specify _____

Are Punitive Damages Pleaded? ☐ Yes ☒ No

# AFFIDAVIT OF SERVICE

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

16 DEC -6 AM 11:00

RICHARD ALEXANDER, CLERK

| Case: 16C07055-4 | Court: Gwinnett State Court | County: Gwinnett, GA | Job: 1131219 (216079) |
|---|---|---|---|
| **Plaintiff / Petitioner:** Ashley Brian Hancock, Individually, and Ashley Brian Hancock, as Executor Of the Estate Karen Thomas Hancock | | **Defendant / Respondent:** Laboratory Corporation Of America | |
| **Received by:** Diversified Legal Services, Inc. | | **For:** Watkins, Lourie, Roll & Chance, PC | |
| **To be served upon:** Laboratory Corporation Of America, c/o Corporation Services Company, Registered Agent | | | |

I, Dana Faulkner, being duly sworn, depose and say: I am over the age of 18 years, a Citizen of the United States, not a party to this action, nor related to the parties herein. The statements made in the affidavit are true and correct, based upon my personal knowledge and that within the boundaries of the state, I was authorized by law to make service of the documents.

**Recipient Name / Address:** Laboratory Corporation Of America, c/o Corporation Services Company, Registered Agent, 40 Technology Parkway South, Norcross, GA 30092

**Manner of Service:** Registered Agent, December 2, 2016, 11:46 am EST

**Documents:** Summons, Complaint and Standing Order In all Civil Cases Instructions To Parties and Counsel

**Additional Comments:**
Served: December 2, 2016, 11:46 am EST at 40 Technology Parkway South, Norcross, GA 30092 Laboratory Corporation Of America, c/o Corporation Services Company, Registered Agent. Received by: Alisha M Smith: CSC Coordinator, authorized to accept.;

_Dana Faulkner_  12-4-16
Dana Faulkner         Date
GA Certified Process Server ID # 304

Diversified Legal Services, Inc.
1425 Benteen Ave. SE
Atlanta, GA 30315
404-627-7777

*Subscribed and sworn to before me by the affiant who is personally known to me.*

_Mary E. Horton_
Notary Public
12-04-2016
Commission Expires

Mary E. Horton
NOTARY PUBLIC
Fulton County, GEORGIA
My Commission Expires 9/22/2019